UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 21-064-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 24-011-DCR |
| V. | ) | |
| | ) | |
| JEFFREY MAURICE ROBINSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Jeffrey Robinson seeks to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255. He filed his § 2255 motion *pro se* but subsequently retained counsel who filed a memorandum narrowing the issues that Robinson sought to present. Consistent with local practice, the matter was referred to a United States Magistrate Judge for preparation of a Report and Recommendation ("R & R"). At the conclusion of briefing, Magistrate Judge Edward B. Atkins issued an R & R, recommending the denial of Robinson's motion. Robinson then filed objections to the R & R which the undersigned has reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (noting that the district court is not required to review the magistrate judge's conclusions in the absence of objections).

After carefully reviewing the subjects of Robinson's objections *de novo*, the Court agrees with the Magistrate Judge that Robinson's ineffective-assistance-of-counsel claims are without merit. Accordingly, the undersigned will adopt the R & R and deny Robinson's motion.

**I.**

Prison officials at Luther Luckett Correctional Complex contacted the Lexington, Kentucky Police Department in December 2020 to report that a package containing narcotics had been mailed to an inmate but intercepted by prison officials. Following an investigation, prison officials came to believe that Defendant Robinson had sent the narcotics to the facility *via* UPS. According to Robinson's Presentence Investigation Report, UPS databases revealed that the package had a return address of 205 Simpson Avenue, #315, in Lexington, Kentucky. Lexington Police surveilled that address and observed the defendant coming and going, as well as a vehicle registered to him.

Officers obtained a search warrant for the residence but before they executed it, they located Robinson at the probation office where he admitted to having drugs inside his residence. Police eventually took Robinson back to his residence where he showed them the location of one pound of methamphetamine, heroin, MDMA, approximately $10,000 in currency, and a loaded firearm. On June 3, 2021, a federal grand jury indicted Robinson for possessing 50 grams or more of methamphetamine with the intent to distribute it (Count 1), possessing cocaine with the intent to distribute it (Count 2), possessing a firearm in furtherance of a drug trafficking crime (Count 3), and being a felon in possession of a firearm (Count 4). Robinson also was charged with an enhanced penalty for Count 1 under 21 U.S.C. § 851, which provided that he had a final conviction for a serious drug felony, to wit, trafficking in a controlled substance in the first degree (cocaine) in Jefferson County, Kentucky.

Robinson pleaded guilty on September 16, 2021, to Counts 1 and 3. During the sentencing hearing held on December 20, 2021, Robinson's attorney, Adele Brown, objected to the enhancement of his sentence based on the prior serious drug felony. Brown conceded

that she did not think the objection was valid but presented Robinson's claim that the prior conviction was not a serious drug felony for purposes of 21 U.S.C. § 841(b)(1)(A). The Court overruled the objection, determining that the prior conviction had been properly noticed as a prior serious drug felony.

The Court further concluded that Robinson was a career offender pursuant to U.S.S.G. § 4B1.1. The defendant also objected to this enhancement during the sentencing hearing, but the Court determined that it applied because Robinson was at least 18 years old when he committed the offenses of conviction, the offense of conviction was a controlled substance offense, and he had at least two prior felony convictions for controlled substance offenses (Kentucky convictions for first-degree trafficking heroin and first-degree trafficking cocaine). [Record No. 63, p. 14] Robinson's advisory guidelines range was 262 to 327 months of imprisonment for Count 1 and 60 months for Count 3. He ultimately was sentenced to 300 months on Count 1 and 60 months on Count 3 for a total term of imprisonment of 360 months.

Robinson filed an appeal, having reserved the right to appeal his sentence and challenge his designation as a career offender. The United States Court of Appeals for the Sixth Circuit then appointed attorney Joseph Almeida under the Criminal Justice Act. Almeida filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because his review of the case revealed no meritorious grounds for appeal. Robinson filed a lengthy response to Almeida's *Anders* brief on September 19, 2022, discussing what he believed were the merits of his appeal. [*See United States v. Robinson*, Case No. 21-6217, Record No. 33.] One month later, the Sixth Circuit granted Almeida's motion, concluding that there was no arguable basis for challenging the Court's sentencing determination. *Id.* (6th Cir. October 18, 2022) (order).

Robinson now argues that both Brown and Almeida provided ineffective assistance for various reasons. The Court will discuss the grounds presented in Robinson's objections to the R & R.

## II.

To prevail on an ineffective assistance of counsel claim, the movant must show that counsel's assistance fell below an objective level of reasonableness and that he was prejudiced by counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

### A.

Robinson contends that Brown was ineffective by failing to argue during the sentencing hearing that his prior convictions for first-degree trafficking in a controlled substance do not qualify as controlled substance offenses under U.S.S.G. § 4B1.2 because the definition of "narcotic drug" in K.R.S. § 218.010 is broader than the federal definition of controlled substance. In other words, he contends that, because Kentucky criminalizes some controlled substances that are not considered controlled substances under federal law, a conviction under the Kentucky statute cannot qualify as a controlled substance offense under the career offender provision.

However, Robinson was not prejudiced by Brown's failure to raise this argument because this Court would have rejected it. *See United States v. Sheffey*, 818 F. App'x 513, 520 (6th Cir. 2020) (observing that "[t]here is 'no requirement that the particular controlled substance underlying a state conviction also be controlled by the federal government'") (quoting *United States v. Smith*, 681 F. App'x 483, 489 (6th Cir. 2017) *cert. denied* 581 U.S.

983 (2017). And counsel is not required to raise frivolous arguments to avoid ineffective-assistance-of-counsel claims. *See* 74 F. App'x 590, 593 (6th Cir. 2003) (citing *Krist v. Folz*, 804 F.2d 944, 946-47 (6th Cir. 1986)).

Further, the defendant was not prejudiced by appellate counsel's failure to raise this issue on appeal. Not only has the Sixth Circuit rejected this line of reasoning, Robinson himself raised *this very argument* in his brief opposing Almeida's *Anders* brief. While the Sixth Circuit did not explicitly address the argument in its opinion affirming this Court's judgment, it did say that the Kentucky statute for first-degree trafficking in a controlled substance qualifies as a "controlled substance offense" for purposes of the career offender guidelines. It further concluded that "the district court properly classified Robinson as a career offender." In addition, in its subsequent decision denying Robinson's motion to recall the mandate, that court noted that it had affirmed this Court's judgment after "independently examining the entire record . . . and considering the arguments raised by counsel and by Robinson himself." *United States v. Robinson*, No. 21-6217 (6th Cir. Dec. 21, 2022) (order).

**B.**

Next, Robinson objects to the Magistrate Judge's conclusions regarding the voluntariness of his guilty plea. He insists that he wanted to file suppression motions and seek a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Robinson further maintains that he believed he would be able to raise these issues on appeal even after entering a guilty plea, but had he known he would not be able to do so, he would have insisted on proceeding to trial.

Robinson supports this claim factually by stating that "a claim used to seek and obtain the search warrant for the Simpson Avenue address was false," and that "[t]he claim that the

return address for the package mailed to Luckett Correctional Complex was the Simpson Avenue address was simply not true."

Until recently, Robinson's only asserted ground for challenging the return address on the package was that the "photo supporting the sworn statement in [the] search warrant affidavit was of low quality" and too small; therefore, obscuring "the true return address upon the package." [Record No. 79, p. 14] But a week after filing objections to the R & R, Robinson submitted an "offer of proof" including alleged communications indicating that his address was not on the package. [Record No. 104-1, pp. 2-3]

Robinson provides the following undated statements alleged to have been made by Detective Roman Flower of the Lexington Police Department:

> The [illegal] package [intercepted] had a return address for the Blick Art Material Co., from somewhere in Illinois . . .but the label was fraudulent.
>
> I have contacted our security specialists at UPS . . . .  Although they don't have anything under the name Jeffery Robinson . . . . The subject who shipped the package identified himself as Micheal Whitaker.

[Record No. 104-1, p. 3]

A defendant who challenges the veracity of statements made in an affidavit forming the basis of a search warrant bears a heavy burden. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Even when a defendant can satisfy that burden by pointing to specific false statements accompanied by an offer of proof, suppression is not the automatic remedy. *United States v. Green*, 572 F. App'x 438, 442 (6th Cir. 2014) (citing *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001)). In that case, the individual allegations are set aside and the Court reviews what remains to decide the issue of probable cause. *Id.*

Robinson has not satisfied the requisite burden of proof. Robinson does not explain why he waited until now to reveal these alleged communications or where he obtained them. By delaying this revelation until after his objections to the R & R have been filed, he deprives the government of a chance to respond. And without the affidavit supporting the search warrant, the Court cannot evaluate these statements. The Court also notes that the alleged statements by Detective Flower indicate that the Blick Art Material Co. label was fraudulent.

In any case, Robinson has not established that he was prejudiced by counsel's failure to request a *Franks* hearing or to file a motion to suppress based on these alleged statements. Prior to execution of the search warrant, narcotics detectives interviewed him at the Probation and Parole Office in Lexington, Kentucky. After being advised of his rights pursuant to *Miranda*, Robinson admitted that he had approximately one pound of methamphetamine, a quantity of heroin, and MDMA inside his residence. He advised officers of the location of the drugs, money, and a firearm inside the residence and offered to show them the exact location of the items. He ultimately did so and confessed to distributing to narcotics, which was recorded on body camera video.

C.

Robinson also alleges that appellate counsel was ineffective for failing to advise him of his right to petition the United States Supreme Court for a writ of certiorari. But the Sixth Circuit has rejected this argument. After it granted Almeida's motion to withdraw and affirmed this Court's judgment, Robinson filed a motion to withdraw the mandate. He argued at that time, just as he does now, that appellate counsel violated the decision in *Wilkins v. United States*, 441 U.S. 468 (1979) (per curiam), and the Sixth Circuit's CJA Plan by failing

to inform him of his right to petition to Supreme Court by failing to file a certiorari petition on his behalf.

The Sixth Circuit pointed out that, after Almeida filed an *Anders* brief and was permitted to withdraw, he was no longer Robinson's attorney and had no obligation to inform Robinson of his right to petition the Supreme Court for a writ of certiorari. Further, Robinson's arguments based on Almeida's filing of the *Anders* brief are misplaced and foreclosed based on the Sixth Circuit's ruling on direct appeal. *See, e.g., United States v. McIntire*, 2009 WL 3401265, at *1 (S.D. Ohio Oct. 21, 2009) ("Since the question of whether the *Anders* brief was appropriate has already been decided by the Court of Appeals, reconsideration here is barred . . . ."); *United States v. McIntire*, 2010 WL 374177 (S.D. Ohio Jan. 29, 2010) (concluding ineffective assistance claim failed on res judicata grounds when the Sixth Circuit had already decided that the *Anders* brief was appropriate).

### III.

Finally, a certificate of appealability will be denied because Robinson has not made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

Reasonable jurists would not debate the Court's conclusions that Robinson failed to establish that either of his attorneys rendered ineffective assistance under the standard established in *Strickland*. Specifically, Robinson knowingly and voluntarily pleaded guilty and was not prejudiced by attorney Brown's failure to seek a *Franks* hearing or to file a motion

to suppress. Likewise, attorney Almeida fulfilled his obligations under *Anders* and was not responsible for advising Robinson with respect to petitioning for a writ of certiorari.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Jeffery Robinson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 79] is **DENIED**.

2. United States Magistrate Judge Edward B. Atkins' Report and Recommendation [Record No. 100] is **ADOPTED** and **INCORPORATED** here by reference.

3. Defendant Robinson's objections [Record No. 103] are **OVERRULED**.

4. A certificate of appealability will not issue.

Dated: September 20, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky