UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 21-064-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 24-011-DCR-EBA |
| V. ) | |
| ) | |
| JEFFREY MAURICE ROBINSON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Jeffrey Robinson was indicted on the following four counts: (1) possession with intent to distribute 50 grams or more of methamphetamine; (2) possession with intent to distribute cocaine; (3) possession of a firearm in furtherance of a drug trafficking crime; and (4) possession of a firearm by a felon. [Record No. 1] He later entered into a plea agreement with the United States and pleaded guilty to Counts One and Three and the United States agreed to move to dismissed Counts Two and Four as part of the parties' agreement. [*See* Record Nos. 7, 24, 26, and 27.] Robinson also waived his right to appeal his guilty plea and conviction, as well as his right to collaterally attack his guilty plea, conviction, or sentence, except for claims of ineffective assistance of counsel. [*Id.*]

At sentencing, Robinson objected to his designation as a career offender under U.S.S.G. § 4B1.1(a) of the United States Sentencing Guidelines. [*See* Record Nos. 29 and 30; *see also* Record No. 41.] However, his objection to the career offender designation was overruled. Robinson was sentenced to 360 months' imprisonment followed by ten years of supervised release. [Record No. 36]

Robinson appealed his conviction to the United States Court of Appeals for the Sixth Circuit and directed his appellate counsel to challenge the suppression of certain evidence his request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). [Record No. 89 at 7] Because, however, Robinson had waived his right to raise those issues on appeal, his appellate counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Robinson then filed a brief in opposition. *See United States v. Robinson*, No. 21-6217, 2022 U.S. App. LEXIS 28897, at *4–5 (6th Cir. Oct. 18, 2022) [hereinafter *Robinson I*].

The Sixth Circuit found Robinson's arguments unpersuasive and found no arguable issues in the record. *Id.* at *5. Accordingly, it granted counsel's motion to withdraw and affirmed this Court's judgment. *Id.* Robinson later moved the Sixth Circuit to recall its mandate and requested appointment of counsel to assist in filing a petition for writ of certiorari. *See United States v. Robinson*, No. 21-6217, 2023 U.S. App. LEXIS 34009, at *1 (6th Cir. Dec. 21, 2023) [hereinafter *Robinson II*]. That motion was denied as well. *Id.* at *5.

Robinson then filed a § 2255 motion *pro se*. [Record No. 79] He later retained counsel, who filed an amended petition that withdrew certain claims and further developed others. [Record No. 89]. The motion asserted the following three claims of ineffective assistance of counsel: (i) trial counsel failed to challenge the validity of the career offender enhancement; (ii) trial counsel rendered ineffective assistance regarding the validity of Robinson's guilty plea and plea agreement; and (iii) appellate counsel was ineffective for filing an *Anders* brief and allegedly failing to inform him of his right to file a petition for a writ of certiorari. [*Id.* at 2; Record No.100 at 5]. United States Magistrate Judge Edward B. Atkins recommended denying Robinson's motion. [Record No. 100]. Robinson objected to the recommendation. [Record No. 103] The Court overruled his objections, adopted the Magistrate Judge's

recommendation, denied the § 2255 motion, and entered judgment in favor of the United States on all claims. [Record Nos. 105 and 107].

Subsequently, Robinson filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure seeking to alter or amend the judgment, which the Court denied. [Record Nos. 107 and 115] After denying this motion, the Court granted the motion of Robinson's retained counsel to withdraw. [Record Nos. 118 and 119] Robinson then proceeded *pro se*, filing a motion for discovery and for an extension of time to respond to the Court's order denying his Rule 59(e) motion. [Record Nos. 123 and 124] Both motions were denied. [Record No. 125]

Next, Robinson filed two additional motions: one to expand the record and another for leave to amend his § 2255 motion. [Record Nos. 126 and 127] The Court construed the motion for leave to amend as a successive § 2255 motion for collateral relief under 28 U.S.C. § 2255 and transferred it to the Sixth Circuit. [Record No. 128]. The Sixth Circuit, however, remanded the case for the Court to consider Robinson's motion to amend his § 2255 motion. [Record No. 140].

Consistent with local practice, Robinson's § 2255 petition was again referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). The parties fully briefed the motion. [Record Nos. 127, 143, 145, 149] United States Magistrate Judge Atkins ultimately recommended that Robinson's amendment section 2255 be dismissed with prejudice and that no Certificate of Appealability be issued. [Record No. 153] Robinson again filed objections. [Record No. 158]

The Court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which particularized objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, courts review objections that merely "reiterate [a party's] original arguments," for clear error. *United States v. Ickes*, No. 1:15-CR-00004, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citing *Manigualte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009)).

Having reviewed the objections *de novo*, the Court agrees with Magistrate Judge Atkins that Robinson's claims are without merit. For the reasons outline below, the Court adopts the R&R and declines to issue a Certificate of Appealability.

**Legal Standard**

To prevail on a § 2255 claim, the movant bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). For a non-constitutional error, the movant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*).

**Analysis**

Robinson's amended § 2255 motion asserts ten grounds for relief, several of which include multiple sub-grounds. [Record Nos. 127 and 143] But the Magistrate Judge found

none are meritorious. The following summarizes Magistrate Judge Atkin's detailed analysis of each claim raised by Robsinson.

First, several of Robinson's arguments are barred by his plea agreement, including alleged violations of *Brady*, Rule 11, and Rule 16(a); a sentencing error; and a constitutional challenge to 21 U.S.C. § 924(c). [Record No. 153] Further, Robinson's various sub-claims of ineffective assistance of counsel fail because he cannot demonstrate prejudice. [*Id.*] The Magistrate Judge also concluded that Robinson's claim that his trial counsel failed to explain the effect of his plea agreement lacks merit, as it would not have been rational for him to proceed to trial. [*Id.*] Likewise, Robinson's argument that counsel was ineffective for inaccurately predicting his Sentencing Guidelines ranges fails because he cannot establish deficient performance. [*Id.*] Additionally, the Magistrate Judge rejected three of Robinson' remaining claims: that trial counsel failed to preserve a meritorious sentencing challenge, and that appellate counsel failed to comply with *Anders* obligations or properly advise Robinson of his right to seek a writ of certiorari. [*Id.*] This Court and the Sixth Circuit have already considered and rejected these arguments. [*Id.*] Finally, the Magistrate Judge found that Robinson failed to make the necessary showing to support his claim of actual innocence. [*Id.*]

Robinson objects to the following findings in the R&R: that his plea agreement bars his *Brady* claim; that the *Cronic* presumption of prejudice does not apply to his ineffective assistance of counsel claim; and that even if the Court applied the *Cronic* presumption, he still cannot not demonstrate deficient performance. [Record No. 158] He also objects to the conclusion that the search warrant contained sufficient information to establish probable cause and to the conclusion that he cannot demonstrate actual innocence because he cannot show

that he is innocent of equally or more serious charges dismissed as part of his plea agreement. [*Id.*]

### Alleged *Brady* Violation

Robinson contends in his amended §2255 motion that the government's attorney violated his constitutional rights by suppressing impeachment material that should have been disclosed under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). [Record No. 143 at 2-5] He argues that this alleged *Brady* violation rendered his guilty plea involuntary and unknowing. [*Id.*] A defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). A waiver is valid and enforceable against nearly any asserted right, so long as it is entered into knowingly and voluntarily by the defendant. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987)).

Robinson now objects to the Magistrate Judge's finding that he presented no new facts or arguments challenging the Sixth Circuit's conclusion that he entered his plea agreement knowingly and voluntarily. [Record No. 158 at 2; Record No. 69] He claims that the Sixth Circuit never reviewed his *Brady* claim in light of the "EarthLinks emails," which he asserts "could have been used as the 'offer of proof' that's essential to mandate a *Franks* hearing pursuant to *Franks v. Delaware*." [*Id.*] He claims that the emails show a Lexington detective confirm the package containing narcotics did not have Robinson's address as the return address but instead bore a different, unrelated address. [*Id.*] Robinson asserts that his guilty plea was induced by the Government withholding evidence and that such nondisclosure is sufficient to render his plea involuntary and unknowing. [*Id.* at 3-4] The objection, however, will be overruled.

- 6 -

As a preliminary matter, the same email cited by Robinson also explains that the return address label was fraudulent and that Detective Hart accurately identified Robinson's address as the true origin of the package. [Record No. 158-1 at 1] Therefore, while the return label may not have had Robinson's address, it was determined that the origin of the package was Robinson's address. Additionally, Robinson raised similar arguments in his appellate brief opposing counsel's *Anders* Brief, asserting that the government suppressed favorable evidence, including "a clear picture of the package revealing the true return address." [Record No. 68 at 25]

The Sixth Circuit held that Robinson's plea was entered knowingly and voluntarily and that his appeal waiver encompassed all issues related to his guilty plea and conviction, including the district court's denial of his post-plea motion for a *Franks* hearing and the government's alleged suppression of supporting evidence. [Record No. 69 at 6] Further, this Court considered Robinson's *Franks*-related arguments in his motion to alter or amend his judgment under Rule 59(e). [Record No 117; Record No. 107] The Court concluded that Detective Hart "had no reason to lie or misrepresent the return address on the affidavit because he knew ample evidence existed tying Robinson to the crime, notwithstanding the return address on the package." [Record No. 117 at 3–4]. Accordingly, Magistrate Judge Atkins properly concluded that Robinson failed to present new information calling into question the Sixth Circuit's finding that he entered his plea knowingly and voluntarily. [*See* Record No. 153 at 8.]

Robinson's argument therefore fails because he waived his right to collaterally attack his guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. Moreover, "the Constitution does not require the Government to disclose material

impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002); *see United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).

### Alleged Ineffective Assistance of Counsel

Robinson also objects to Magistrate Judge Atkin's analysis of his ineffective assistance of counsel claims. [Record No. 158 at 4-8] To prevail, a defendant must show: (1) deficient performance by counsel and (2) resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. Therefore, Robinson must demonstrate that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice, he must show that, but for counsel's errors, the outcome of his proceedings would have been different. *Id.* at 694–95.

Courts presume prejudice where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659. This presumption applies only when counsel is "totally absent or prevented from assisting the accused during a critical stage of the proceeding" or "if counsel entirely fails to subject the prosecution's case to a meaningful adversarial testing.'" *Black v. Burton,* No. 19-1741, 2020 WL 3625740, at *4 (6th Cir. 2020) (quoting *Cronic*, 466 U.S. at 659 & n. 25).

### Alleged Inaccurate Sentencing Prediction

Robinson argues that the *Cronic* presumption of prejudice applies because his counsel was allegedly prevented from assisting him during critical stages of the proceedings. [Record No. 158 at 4] However, he merely reiterates his earlier argument that counsel lacked adequate

- 8 -

time to review discovery and prepare during the preliminary phase. [*Id.* at 4-7]  He does not identify any instance in which counsel was "totally absent or prevented from assisting" him as required under *Cronic*. *Black v. Burton,* No. 19-1741, 2020 WL 3625740, at *4 (6th Cir. 2020) (quoting *Cronic*, 466 U.S. at 659 & n. 25).  As Magistrate Judge Atkins observed, although Robinson cites correspondence in which counsel noted limited time to review discovery, the record indicates that his attorney sought and obtained two extensions to file defensive motions for that reason—both of which were granted.  [ Record No. 153 at 9 (citing Record Nos. 12, 14, 13, and 15)]

The Magistrate Judge further found that, even assuming prejudice, Robinson failed to show deficient performance.  [*Id.* at 10] Robinson based his claim on his trial counsel's miscalculation of his sentencing exposure which, he argues, influenced his plea. [Record No. 149 at 7-8] However, an attorney's inaccurate prediction regarding a possible sentence does not constitute deficient performance under *Strickland*.  *United States v. Ramos*, Criminal Action No. 5: 20-13-DCR-EBA-1, 2023 WL 3018004, at *9 (E.D. Ky. Feb. 15, 2023) (collecting cases).  The record also demonstrates that Robinson understood his guideline range would be determined after preparation of the presentence report and that he could be classified as a career offender.  [Record No 153 at 10 (quoting *Robinson I* at 9)]  Counsel took multiple steps to prepare his defense, including obtaining two extensions and moving to continue the trial to further evaluate the Government's plea offer and the evidence.  [*Id.* at 10 (citing Record No. 19] The Court denied that motion, finding that Robinson had ample time to review discovery and discuss a plea. [*Id.* (citing Record No. 20)].  Trial counsel's affidavit indicates that she discussed the possible career offender enhancement with Robinson on at least four occasions, and that Robinson also discussed it with the prosecutor. [*Id.* (citing Record No. 95-

1 at 2]. The Magistrate Judge reasonably found that the record refuted Robinson's allegation that counsel failed to address the issue. [*Id.* at 11]

Robinson nonetheless objects, denying that any such discussions occurred and claiming that both attorneys misinformed him about the applicable guidelines. [Record No. 158 at 6-8] But even if Robinson's assertions were true and counsel's affidavit inaccurate, the plea agreement itself clearly states that "it is the position of the United States that pursuant to USSG § 4B1.1, the Defendant is a Career Offender and subject to an offense level of 37." [Record No. 27 at 6] Because an inaccurate sentencing prediction does not constitute deficient performance under *Strickland*, *see Ramos*, 2023 WL 3018004, at *9, and because the record contradicts Robinson's claims, he has failed to demonstrate deficient performance. His ineffective assistance of counsel claim regarding sentencing guideline predictions therefore fails.

**Probable Cause**

Robinson also objects to the Magistrate Judge's analysis of his ineffective assistance of counsel claim alleging his counsels failed to investigate or file a *Franks* or suppression motion concerning the return label on the narcotics package discussed above. Under *Franks* v. *Delaware*, 438 U.S. 154 (1978), and its progeny, "a defendant is entitled to a hearing to challenge the truthfulness of factual statements in a search warrant affidavit." *United States v. Higgins*, 141 F.4th 811, 816 (6th Cir. 2025) (citing *Franks*, 438 U.S. at 155–56)). However, a defendant bears a "heavy burden" when challenging the validity of a search warrant affidavit. *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). To obtain a *Frank*s hearing, the defendant must "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the

warrant affidavit." *Franks*, 438 U.S. at 155–56. That statement must have been "necessary to the finding of probable cause." *Id.* at 156. Moreover, "[a] law enforcement officer's statement is only considered to be issued with 'reckless disregard for the truth,'" as is alleged here, "if a defendant shows that the affiant subjectively 'entertained serious doubts as to the truth of his or her allegations.'" *Bateman*, 945 F.3d at 1008 (quotation modified) (quoting *United States v. Cican*, 63 F.App'x 832, 835–36 (6th Cir. 2003)).

Robinson provided no new evidence supporting his Frank-related claim. This Court previously determined that Detective Hart had no reason to misrepresent the return address in the affidavit because there was ample independent evidence linking Robinson to the offense. [Record No. 153 at 12 (citing Record No. 117 at 3-4)] And as the Magistrate Judge noted, this Court already found that the search warrant contained sufficient information to establish probable cause even without Detective Hart's statement about the return address. [*Id.* (citing Record No. 117 at 4-6)] Accordingly, even assuming counsel's performance was deficient, Robinson has not shown he was entitled to a *Franks* hearing or that a suppression motion would have succeeded. Because he cannot establish prejudice, his ineffective assistance of counsel claim on this ground fails.

### Claim of Actual Innocence

Finally, Robinson objects to Magistrate Judge Atkin's conclusion that he cannot demonstrate actual innocence of the equally or more serious charges dismissed as part of his plea agreement. [Record No. 158 at 10-11] Robinson contends that the two dismissed charges were not more serious than the 924(c) violation. [*Id.*]

However, while Robinson addresses Magistrate Judge Atkin's *arguendo* analysis, he does not object to the Magistrate Judge's observation that the claim is likely barred by his plea agreement because it does not assert ineffective assistance of counsel. [Record No. 153 at 20, n. 6] Magistrate Judge Atkins also noted that Robinson admitted under oath to the conduct supporting his § 924(c) conviction at his re-arraignment [*Id.* (citing Record No. 62 25–26]. Courts in this circuit have held that claims of actual innocence are barred by a valid plea that was knowing and voluntary. *See, e.g., Conard v. United States*, Nos. 3: 15-CR-78-TAV-DCP-1, 3:17-CV-391-TAV-DCP, 2020 WL 5026855, at *2–3 (E.D. Tenn. Aug. 25, 2020) (rejecting claim of actual innocence where petitioner had entered into plea agreement, stipulated to the facts supporting those charges under oath, and entered a guilty plea); *see also Appleby v. United States*, No. 2: 17-CR-138, 2019 WL 7020432, at *3–4 (S.D. Ohio Dec. 20, 2019) (motion for habeas relief, even when containing claim of actual innocence, barred by collateral attack waiver in plea agreement).

Magistrate Judge Atkins recognized that, unlike the movants in those cases, Robinson presents new evidence purportedly challenging his prior sworn statements—statements that ordinarily carry a strong presumption of verity. [Id. (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))] Therefore, assuming *arguendo* that Robinson's collateral attack waiver did not bar his actual innocence claim, Magistrate Judge Atkins found that Robinson nevertheless failed to demonstrate actual innocence of equally or more serious charges dismissed under the plea agreement as required by *Witham v. United States*, 97 F.4th 1027, 1034 (6th Cir. 2024). [*Id*. at 20-23]

Robinson's objections to the finding concerning his ability to demonstrate his innocence with respect to equally or more serious charges dismissed as a part of the plea agreement are immaterial. It is well established that a criminal defendant may waive any right, including constitutional rights, through a plea agreement. *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)). Plea-agreement waivers of § 2255 rights are generally enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (citing *Watson v. United States*, 165 F.3d 486, 489 n.4 (6th Cir. 1999)). Accordingly, "[o]nly challenges to the validity of the waiver itself may be advanced on appeal, [and such a waiver is] enforceable ... so long as the waiver is done knowingly, intelligently and voluntarily." *Davidson v. United States*, No. 2: 11-CV-2244, 2013 WL 6116688, at *3 (E.D. Tenn. Nov. 20, 2013) (citing *In re Acosta*, 480 F. 3d 421, 422 (6th Cir. 2007*); Davila,* 258 F.3d at 451–52; *Watson*, 165 F.3d at 489).

Robinson waived his right to collaterally attack his guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. Because his claim of actual innocence does not fall within that exception, it is waived. Accordingly, the only question before the Court is whether Robinson's waiver was made "knowingly, intentionally, and voluntarily." *Conard v. United States*, No. 3:15-CR-78-TAV-DCP-1, 2020 WL 5026855, at *2 (E.D. Tenn. Aug. 25, 2020) (quoting *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). As discussed above, Robinson knowingly and voluntarily waived his right to seek relief under § 2255 on this issue. [*See* Record No. 69.] Even assuming *arguendo* that no waiver occurred, the Court may presume that Robinson would not have pleaded guilty to an agreement stipulating particular facts unless they were true. *Conard*, 2020 WL 5026855, at *3 (E.D. Tenn. Aug. 25, 2020) (citing *United States v. Socolovitch*, 340 F. App'x 291, 296 (6th

Cir. 2009))  Robinson is in the best position to know the facts of his case.  When asked by the Court, "Is it your intention to enter a guilty plea to these two counts because you are, in fact, guilty and for no other reason?"  Robinson responded, "Yes, sir."  [Record No. 62 at 26]  "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Robinson is bound by that declaration where, as here, the Court complied with the procedural requirements of Rule 11 of the Federal Rules of Criminal Procedure.  *United States v. Rennick*, 219 F. App'x 486, 489 (6th Cir. 2007).  Having stipulated facts establishing the elements of the offenses in the plea agreement and given a sworn guilty plea, Robinson's present assertions of innocence are without merit.

A Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Robinson has not made a "substantial showing" regarding a denial of his constitutional rights.  Further, reasonable jurists would not find this Court's determination on the issues Robinson raises debatable.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The United States Magistrate Judge Edward B. Atkins' Report and Recommendations [Record No. 153] is **ADOPTED** and **INCORPORATED** in full. Robinson's objections to the Report and Recommendations [Record No. 158] are **OVERRULED**.

2. Defendant/Movant Robinson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record Nos. 127 and 143] is **DENIED**.

3. Defendant/Movant Robinson's claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4. A Certificate of Appealability will not issue.

Dated: November 12, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky